UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| WILLIAM RABORN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 16-CV-0653-CVE-JFJ |
| DAVID JOHNSTON and COVENANT TRANSPORT, INC., | ) |
| Defendants. | ) |

# OPINION AND ORDER

Now before the Court are Defendants' Motion and Brief for Partial Summary Judgment on Punitive Damage Claim (Dkt. # 41) and plaintiff's opposed motion to stay or hold in abeyance defendants' motion for partial summary judgment (Dkt. # 43). Defendants argue that there is no evidence showing that David Johnston acted with reckless disregard for the rights of others when he was involved in an automobile accident with plaintiff William Raborn. Dkt. # 41. Plaintiff claims that he needs to conduct additional discovery before he can fully respond to defendants' motion, and he asks the Court to stay its ruling on defendants' motion until discovery is completed. Dkt. # 43.

## I.

On February 26, 2014, Johnston was driving a tractor trailer for his employer, Covenant Transport, Inc. (Covenant), and he had parked at a travel plaza near Big Cabin, Oklahoma. Dkt. # 41-3, at 2, 4. Johnston had a commercial driver's license (CDL). Dkt. # 41-2. Johnston conducted a pre-trip inspection before he left the travel plaza and this took about 15 to 17 minutes. Dkt. # 41-3, at 5. Johnston's wife, Nora Johnston, was a passenger in the tractor trailer, and she confirmed that

he did a pre-trip inspection. Dkt. # 41-4, at 4. Johnston was not aware that his tractor trailer had any mechanical difficulties. Dkt. # 41-3, at 3.

Johnston was attempting to make a left turn out of the travel plaza and onto northbound Highway 69, and there were vehicles headed northbound and southbound on the highway. Id. at 6. Highway 69 is a two lane highway in both directions. Dkt. # 41-5, at 4. Johnston waited about two minutes until he believed that the traffic was clear in both directions, and he states that there was nothing impairing his visibility. Dkt. # 41-3, at 8-9. Johnston pulled out into the highway to make a left turn into the inside lane of northbound Highway 69 and he observed another tractor trailer heading northbound on Highway 69, but at the time Johnston began his left turn the other tractor trailer was in the outside lane. Id. at 10. Raborn was driving the other tractor trailer. Johnston claims that he was constantly checking his surroundings as he pulled onto the highway and he believed the inside lane was clear as he was pulling onto Highway 69. Id. at 12-13. As Johnston pulled into the inside lane of northbound Highway 69, the other tractor trailer changed lanes and collided with Johnston's tractor trailer. Id. at 10-11. Johnston testified in his deposition that he had no opportunity to avoid the collision at the point that Raborn changed lanes. Id. at 14. Raborn states that he accelerated immediately before the collision in an attempt to avoid the collision, but he could not have changed lanes because there was a vehicle next to him in the outside lane. Dkt. # 41-6, at 2-3.

On February 2, 2016, Raborn filed this case in Craig County District Court alleging negligence claims against Johnston, Covenant, and Covenant's insurer, Marsh USA, Inc. Dkt. # 2-1. Raborn alleged that Covenant was liable for Johnston's conduct under the doctrine of respondeat superior, and he also alleged that Covenant was directly liable for "negligently hiring, training,

2

supervising and retaining" Johnston. Id. at 3. Covenant removed the case to the United States District Court for the Eastern District of Oklahoma. Dkt. # 2. Covenant filed a motion to transfer venue, because Craig County is located within the Northern District of Oklahoma and Covenant mistakenly removed the case to the wrong judicial district. Dkt. # 5. The case was transferred to the United States District Court for the Northern District of Oklahoma. Dkt. # 17. Covenant filed an answer (Dkt. # 9) and admitted that Johnston was acting within the scope of his employment at the time of the accident. Covenant filed a motion to dismiss plaintiff's direct negligence claim against it, because claims of direct negligence are not viable against an employer that has admitted that it is vicariously liable for the acts of an employee as a matter of Oklahoma law. Dkt. # 11, at 7. Raborn did not file a response to Covenant's motion to dismiss, and the Court dismissed Raborn's claim of direct negligence against Covenant. Dkt. # 23. Raborn has voluntarily dismissed his claims against Marsh USA, Inc. Dkt. # 12.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored

procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**III.**

Defendants argue that plaintiff has no evidence that would support an award of punitive damages under Oklahoma law, and defendants ask the Court to enter partial summary judgment in favor of defendants on the issue of punitive damages. Dkt. # 41, at 5. Plaintiff asks the Court to defer ruling on defendants' motion until plaintiff has had an opportunity to conduct additional discovery. Dkt. # 43. In the alternative, plaintiff argues that the issue of punitive damages is fact-intensive and he asks the Court to deny defendants' motion for partial summary judgment. Id. at 6-7.

4

**A.**

Plaintiff asks the Court to stay its ruling on defendants' motion for partial summary judgment, because the parties have not completed discovery and plaintiff cannot fully respond to defendants' motion without taking depositions of Covenant's corporate representative under Fed. R. Civ. P. 30(b)(6) and Johnston's driving trainer, Levi Shelley. Dkt. # 43, at 2. Defendants respond that plaintiff has had ample time to conduct discovery, and plaintiff is not entitled to relief under Rule 56(d) because the additional information plaintiff seeks would not be relevant to the award of punitive damages under a theory of respondeat superior. Dkt. # 47, at 5-6.

Plaintiff seeks relief under Rule 56(d), which provides:

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "The general principle of Rule [56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition.'" Price ex rel. Price v. Western Resources, Inc., 232 F.3d 779, 783 (10th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)). To obtain relief under Rule 56(d), the party seeking relief must show "(1) that necessary and probable facts are not available, (2) why those facts cannot be presented currently, (3) 'what steps have been taken to obtain these facts,' and (4) 'how additional time will enable [plaintiff] to' obtain those facts and rebut the motion for summary judgment." Blixseth v. Credit Suisse AG, 129 F. Supp. 3d 1190,

5

1210-11 (D. Colo. 2015). The party seeking additional time to conduct discovery must submit an affidavit or declaration that "explain[s] why facts precluding summary judgment cannot be presented." Committee for First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir. 1992). Rule 56(d) is not a "license for a fishing expedition" and the party seeking to a defer a ruling on a motion for summary judgment must identify specific discovery that is necessary in order to fully respond to the motion. Lewis v. City of Fort Collins, 903 F.2d 752, 759 (10th Cir. 1990). Relief should not be granted under Rule 56(d) when the "desired discovery would not meet the issue on which the moving party contends there is no genuine factual issue." Jones v. City and County of Denver, Colorado, 854 F.2d 1206, 1211 (10th Cir. 1988).

Plaintiff's counsel submitted an affidavit (Dkt. # 43-1) stating that he cannot fully respond to defendants' motion without conducting additional discovery. Plaintiff's counsel states that he is in the process of scheduling a deposition of Shelley and Covenant's corporate representative, and he believes that the depositions will provide information about the following topics:

> Mr. Shelley's responsibilities as a trainer, his lack of training to Defendant Johnston, his lack of direction to Defendant Johnston just prior to the collision, his entrustment of a semi-truck to Defendant Johnston, Defendant Johnston's state of mind just prior to the collision, Defendant Johnston's lack of knowledge on how to drive a semi-truck, and how a combination of these issues show the reckless disregard on part of the Defendants that caused Plaintiff's damages.

Dkt. # 43-1, at 1-2.

The Court has reviewed plaintiff's motion (Dkt. # 43) and the affidavit (Dkt. # 43-1) of plaintiff's counsel, and finds that plaintiff's request to defer a ruling on defendants' motion for partial summary judgment should be denied. The information that plaintiff claims that he needs to fully respond to defendants' motion would be relevant only to a claim of direct negligence against Covenant, but plaintiff's direct negligence claim was dismissed. Dkt. # 23. Plaintiff's remaining

6

negligence claim is focused solely on the acts of Johnston, and it will not be relevant whether Covenant negligently entrusted a tractor trailer to Johnston or failed to properly supervise him. Jordan v. Cates, 935 P.2d 289, 293 (Okla. 1997) (employer cannot be held liable under theories of negligent hiring or supervision when it stipulates that it is vicariously liable for the acts of its employee). Plaintiff states that he intends to take depositions of Shelley and a corporate representative of Covenant, but these depositions will not be likely to elicit new evidence about the accident. Plaintiff argues that Shelley failed to properly supervise Johnston because Shelley was in the sleeping area of the tractor trailer when the accident occurred. Dkt. # 43, at 7. This means that Shelley did not witness the accident and it is unlikely that a deposition of Shelley would provide evidence that is relevant to plaintiff's demand for punitive damages. The same is true for a deposition of a corporate representative of Covenant, because the corporate representative would not have information about Johnston's conduct leading up to the accident. The additional information that plaintiff allegedly needs to fully respond to defendants' motion is not relevant or necessary, and plaintiff's request for the Court to defer ruling on defendants' motion for partial summary judgment is denied.[1]

---

[1] The Court also notes that a scheduling order was entered on November 2, 2016, and plaintiff had approximately 9 months to take depositions of Shelley and Covenant's corporate representative before defendants filed their motion for partial summary judgment. The Court typically allows four months for discovery in a civil case, and plaintiffs have had an ample amount of time to conduct discovery in a relatively uncomplicated case. Delay would be an independent reason to deny plaintiff's motion for relief under Rule 56(d).

**B.**

Defendants argue that there is no evidence supporting plaintiff's demand for punitive damages, because the case concerns an ordinary automobile accident that was not the result of reckless conduct by Johnston. Dkt. # 41, at 5-6. Plaintiff responds that Johnston was an inexperienced driver who was not properly trained or supervised by Covenant, and he claims that a reasonable jury could find that defendants acted with reckless disregard for the rights of others.[2] Dkt. # 43, at 2.

Defendants argue that plaintiff's response is inadequate under Rule 56(e) and LCvR 56.1, and the Court should exercise its discretion to deem the material facts stated in defendants' motion for partial summary judgment admitted due to plaintiff's failure to controvert those facts or present evidence in opposition to defendants' motion. Dkt. # 47, at 3. Plaintiff has not attached any evidence to its response to defendants' motion for partial summary judgment, and plaintiff's response also does not include a statement as to any material facts that are in dispute. In this case, defendants argue that there is insufficient evidence to support an award of punitive damages against them, and this is not an issue for which defendants bear the burden of persuasion at trial. Defendants may satisfy their burden for summary judgment on this issue by pointing to a lack of evidence that Johnston acted with reckless disregard for the rights of others. Fox v. Transam Leasing, Inc., 839 F.3d 1209, 1219 (10th Cir. 2016). If defendants meet their burden, the burden shifts to the plaintiff

---

[2] Plaintiff's filing (Dkt. # 43) is styled as a motion to stay and as an alternative response to defendants' motion for partial summary judgment. Plaintiff did not request additional time after the Court's ruling on his motion to stay to submit a response to defendants' motion, and the Court will treat Dkt. # 43 as plaintiff's response to defendants' motion. Plaintiff could have attached evidence such as deposition transcripts and affidavits to his response, but he failed to do so and the Court will not sua sponte grant plaintiff leave to file an amended response with such evidence attached.

8

"to set forth specific facts from which a rational trier of fact could find for them on their damages claim," and plaintiff "must identify facts by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." Id. The nonmoving party cannot simply argue that it will later provide evidence supporting its claim for damages at trial, and a court can grant a motion for summary judgment based on the non-moving party's failure to produce evidence in support of an issue for which it bears the burden of persuasion at trial. Id. In addition to plaintiff's burden under Rule 56, LCvR 56.1 provides that all material facts stated in the moving party's statement of undisputed material facts are deemed admitted if not specifically controverted by the non-moving party.

The Court finds that the undisputed material facts stated in defendants' motion for partial summary judgment should be deemed admitted for the purpose of this Opinion and Order, because plaintiff has failed to produce any evidence in opposition to defendants' motion or specifically controvert any fact stated in defendants' motion. Oklahoma law places the burden on a plaintiff to show by clear and convincing evidence that punitive damages are appropriate. OKLA. STAT. tit. 23, § 9.1; Rodebush by and through Rodebush v. Oklahoma Nursing Homes, Ltd., 867 P.2d 1241, 1251 (Okla. 1993). Defendants are permitted to file a motion for summary judgment based on the lack of evidence to support a demand for punitive damages, because this is an issue for which plaintiff bears the burden of persuasion at trial. Fox, 839 F. 3d. at 1219. Plaintiff has come forward with no evidence in opposition to defendants' motion for partial summary judgment and the Court has rejected plaintiff's request to defer its ruling on defendants' motion. The Court will consider the arguments asserted by plaintiff in light of the evidence presented by defendants, but the Court will disregard any factual assertion in plaintiff's response that is not supported by evidence.

The Court finds that plaintiff has not met his burden to show that Johnston acted with reckless disregard for the rights of others, and the Court will not instruct the jury as to punitive damages if the case goes to trial. Punitive damages may be awarded only if the plaintiff shows by clear and convincing evidence that the defendant has been "guilty of reckless disregard for the rights of others." OKLA. STAT. tit. 23, § 9.1. A person acts in reckless disregard for the rights of others if he "was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others." Gowens v. Barstow, 364 P.3d 644, 652 (Okla. 2015). The trial court must determine as a matter of law whether the plaintiff has produced sufficient evidence that a reasonable jury could find that a defendant acted with reckless disregard before instructing the jury as to punitive damages. Badillo v. Mic Century Ins. Co., 121 P.3d 1080, 1106 (Okla. 2005). The evidence in this case shows that Johnston performed a pre-trip inspection, and there is no evidence there was a mechanical defect of which he should have been aware that had any role in causing the accident. Johnston waited approximately two minutes for traffic to clear before pulling onto Highway 69, and this shows that he was acting with caution when making his left turn. Dkt. # 41-3, at 8. Johnston believed that the inside lane of Highway 69 was clear and from Johnston's perspective the collision was caused by Raborn's decision to change lanes after Johnston had already begun to pull into the inside lane of Highway 69. Based on the evidence submitted by defendants, a reasonable jury could assign some percentage of fault to Raborn for his decision to change lanes, and this is not a case where a reckless act of the defendant was the only possible cause of the accident. Plaintiff has not come forward with evidence to make even a threshold showing that a punitive damages instruction would be appropriate in this case, and defendants' motion (Dkt. # 41) should be granted.

**IT IS THEREFORE ORDERED** that Defendants' Motion and Brief for Partial Summary Judgment on Punitive Damage Claim (Dkt. # 41) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's opposed motion to stay or hold in abeyance defendants' motion for partial summary judgment (Dkt. # 43) is **denied**.

**DATED** this 17th day of October, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE